UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MN THEATRES 2006 LLC,

                              Plaintiff,                                      20 cv 5860 (PKC)

    -against-                                               ORDER

GRUPO CINEMEX, S.A. de C.V.

                              Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant seeks leave to file a document with the redaction of confidential non-public financial information and file two documents under seal that contain confidential non-public financial information. For the reasons that follow, the Court will grant leave to file the redacted document with the understanding that the Court will only consider the redacted document and otherwise deny the application.

        There is a common-law and First Amendment right of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006). As such, documents may be sealed "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124.

        Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document. Id. at 119–20. To be classified a judicial document, material "must be relevant to the performance of the judicial function and useful

Case 1:20-cv-05860-PKC   Document 35   Filed 09/09/20   Page 2 of 3

in the judicial process." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers . . . ." Id.

Here, documents submitted to the Court in opposition to a motion to confirm and Order of Attachment are judicial documents.

Though all judicial documents carry a presumption of public access, a court must determine the weight of this presumption as applied to a particular judicial document. The appropriate weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")). Documents submitted in connection with trial or summary judgement are entitled to the highest presumption of public access, documents filed in connection with other non-dispositive motions are subject to a "still substantial" presumption of public access, and discovery documents not filed with the court "lie entirely beyond the presumption's reach." Id. at 49–50, 53.

Against the applicable presumption of public access, the court must consider whether countervailing factors or higher values dictate that the document at issue should be sealed. Established factors and values that can outweigh the presumption of public access include legal privilege, Lugosch, 435 F.3d at 125 (stating that legal privilege could be a sufficient countervailing factor to outweigh the presumption of public access), business secrecy, see Amodeo II, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."), and privacy interests, see id. ("The court also considers 'the privacy interests of those resisting disclosure.' Financial records of a wholly-owned business,

2

family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." (citation omitted) (quoting Lugosch, 435 F.3d at 120)). If one of these factors or values outweigh the value to the public of accessing the document at issue, then that document should be sealed. Additionally, sealing should be "narrowly tailored," Lugosch, 435 F.3d at 124, and redacting sensitive information is a preferable alternative to sealing an entire document. United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (stating that courts should "avoid sealing judicial documents in their entirety unless necessary").

Conclusory assertions of harm by an attorney in an unsworn letter submission are insufficient to establish a basis for sealing. Nor does the fact that the financial information that defendant wishes to file is not otherwise public and defendant considers it confidential.

The same considerations do not apply when a party proposes to file on the public record a portion of a larger document and only wishes to have the Court consider the portion filed on the public record. The Court may in such circumstances order production of the entire document for inspection by the other side, but the public right of access is not implicated where the non-public portion is not made available to the Court.

Leave to file one document in redacted form (Ex. K TO the Pulecio-Boek Decl.) is GRANTED. Leave to file under seal two documents containing financial information (Exhibits P and Q to the Pulecio-Boek Decl.) is DENIED. Letter motion (Doc 31) is terminated.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 9, 2020

3