UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MN THEATERS 2006 LLC,<br><br>               Plaintiff,<br><br>v.<br><br>GRUPO CINEMEX, S.A. de C.V.,<br><br>               Defendant. | Civil Action No.: 20-cv-5860 (PKC)<br><br>[PROPOSED]<br>ORDER (I) CONFIRMING THE ORDER OF ATTACHMENT AND (II) COMMENCING DELIVERY AND SEIZURE OF DEFENDANT'S PROPERTY AND DEBT |

UPON the motion of MN Theaters 2006 LLC ("Plaintiff"), through its attorneys, to (i) confirm the order of attachment entered on July 30, 2020 (the "*Ex Parte* Order") and (ii) commence delivery and seizure of Grupo Cinemex, S.A. de C.V.'s ("Defendant") property and debt, along with the declaration of Robert A. Parillo, Jr. and the exhibits to the declaration of Joseph J. Kammerman, filed previously with the Court, (together, the "Motion"), and all pleadings, papers, and evidence submitted in the above-captioned action, sufficient cause being alleged therein, and pursuant to Rule 64 of the Federal Rules of Civil Procedure ("F.R.C.P.") and Article 62 of the New York Civil Practice Law and Rules ("C.P.L.R."),

       1.       IT IS HEREBY ORDERED that the Motion is GRANTED, except that with respect to (i) Defendant's ownership interest in Cinemex Holdings USA, Inc., an entity incorporated in Delaware; and (ii) Defendant's property rights in debtor-in-possession loans issued to the debtors in a jointly administered proceeding under chapter 11 of title 11 of the United States Code in an action captioned *In re Cinemex USA Real Estate Holdings*, Case No. 20-14695-LMI (Bankr. S.D. Fla.) (the "Bankruptcy Proceeding"), and Defendant's property rights in any additional debtor-in-

possession loans that have been made by Defendant in the Bankruptcy Proceeding, or any such loan made in the future (collectively, the "Exempted Property"), the Motion is stayed pending further order from the Court. For the avoidance of doubt, Plaintiff shall continue to have no lesser or greater rights or interests in the Exempted Property than it possessed under the *Ex Parte* Order; and

      2.      IT IS FURTHER ORDERED that, pursuant to C.P.L.R. § 6211(b), the *Ex Parte* Order is hereby confirmed, except for the Exempted Property, and shall continue in full force and effect, except that the order that "pursuant to C.P.L.R. § 6211, no person shall not [sic] take actual custody of any property that is levied pursuant to the [*Ex Parte* Order]" is discontinued; and

      3.      IT IS FURTHER ORDERED that, pursuant to C.P.L.R. § 6214(b), the Defendant shall forthwith pay, transfer, or deliver any property to the U.S. Marshal—and execute any document necessary to effect such payment, transfer, or delivery—as will satisfy an amount worth not less than $56,318,225.94, plus the amount of interest, costs, and U.S. Marshal's fees and expenses, including any property in the possession or custody of Defendant, except for the Exempted Property.

      4.      IT IS FURTHER ORDERED that, pursuant to C.P.L.R. § 6214(b), upon the service of this order to any garnishee, all property in which the Defendant is known or believed to have an interest therein and thereafter coming into the possession or custody of such garnishee and all debts of such garnishee, then due and thereafter coming due to the Defendant, except for the Exempted Property, shall be subject to a levy in favor of Plaintiff, and such garnishee shall forthwith transfer or deliver all such property, and pay such debts upon maturity, up to $56,318,225.94 to the U.S. Marshal and execute any document necessary to effect such payment, transfer or delivery, and;

- 3 -

5.  IT IS FURTHER ORDERED that, pursuant to C.P.L.R. § 6219, any garnishee served with this Order shall, within ten days of such service, serve upon Plaintiff and the U.S. Marshal or someone serving in his or her place and stead a statement specifying all debts of the garnishee to the Defendant, when the debts are due, all property in the possession or custody of the garnishee in which Defendant has an interest, except for the Exempted Property, and the amounts and value of the debts and property specified.  If the garnishee has the money belonging to, or is indebted to, the Defendant in at least the amount of the attachment, the garnishee may limit the statement to that fact.

SO ORDERED.

Dated: September 25, 2020
       New York, New York

                                              _____
                                                    P. Kevin Castel
                                              United States District Judge

**MILBANK LLP**

Scott A. Edelman
Jed M. Schwartz
Joseph J. Kammerman
55 Hudson Yards
New York, New York 10001
Tel:  (212) 530-5000
SEdelman@milbank.com
JSchwartz@milbank.com
JKammerman@milbank.com

*Attorneys for Plaintiff MN Theaters 2006 LLC*[1]

---

[1] The names and address of Plaintiff's counsel are so indorsed pursuant to C.P.L.R. § 6211(a).