

**JED M. SCHWARTZ**
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5283
jschwartz@milbank.com | milbank.com

March 9, 2021

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> 1. The wholesale filing of billing records and time entries under seal is DENIED. Nothing cited or described overcomes the presumption of access.
> 2. With regard to attorney-client privilege and work product, i.e., the "several dozen entries," plaintiff may provisionally redact the privilege/work product material and send via overnight delivery to Chambers an unredacted version marked to show the redacted portion. It should be accompanied by a submission explaining the redaction. This will be due March 18, 2021.
> SO ORDERED.
> P. Kevin Castel
> United States District Judge
> 3/11/21

Re:    *MN Theaters 2006 LLC v. Grupo Cinemex, S.A. de C.V.*, No. 20-cv-5860 (PKC)

Dear Judge Castel:

We represent MN Theaters 2006 LLC ("Plaintiff") in the above-captioned action against Grupo Cinemex, S.A. de C.V. ("Defendant"). Pursuant to Sections 1.A and 5.B of Your Honor's Individual Practices and Section 6 of the Electronic Case Filing Rules & Instructions ("ECF Rules"), Plaintiff submits this letter-motion for leave to file under seal and/or with redactions certain information and materials included with Plaintiff's Motion to Recover Enforcement Costs (the "Motion"), filed concurrently herewith. There are no conferences currently scheduled in this action.

Plaintiff seeks to file under seal the billing records with time entries from Milbank. Although there is a strong presumption of public access to court records, the "right is not absolute." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). To determine whether sealing is appropriate, courts balance the presumption in favor of public access against "competing considerations," such as the "privacy interest" of the party seeking limited access. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Here, where the aforementioned materials reflect descriptions of the work performed by counsel, it is appropriate for them to be filed under seal. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving redactions of a business's financial information including "specific business information and strategies, which, if revealed, 'may provide valuable insights into a

The Honorable P. Kevin Castel

March 9, 2021 Page 2

company's current business practices that a competitor would seek to exploit.'" (quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y.1998))).[1]

Separately, certain time entries by Milbank attorneys (only several dozen out of more than 800), and one by Mr. Lopez, that are contained in the invoices and related demonstratives in the exhibits to the Schwartz Declaration reflect information that is subject to the attorney-client privilege, work product protection, and related privileges and protections. Similarly, the first page of Exhibit N to the declaration of Joseph Kammerman, also filed in support of the motion, contains an email that is subject to similar privileges and protections. Accordingly, Plaintiff requests permission to redact such information from the copies of those exhibits that are filed under seal such that Defendant and the Court would be unable to view them. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006) ("The defendants argue that the contested documents are subject to attorney-client privilege, which suffices to defeat the presumption of access."); *Diversified Group, Inc. v. Daugerdas*, 304 F. Supp 2d 507, 514 (S.D.N.Y. 2005) ("[C]orrespondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided fall within the privilege.").[2]

We thank the Court for its attention to this matter.

Respectfully submitted,

/s *Jed M. Schwartz*

Jed M. Schwartz

---

[1] Pursuant to Section 6.9 of the ECF Rules, the "Viewing Level" Plaintiff seeks to apply is "Selected Parties," allowing only the Court and Defendant to review the documents.

[2] Certain of the invoices that are exhibits to the Schwartz Declaration contain sensitive tax and banking information. Accordingly, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, such information will be redacted from the copies of those documents that are filed under seal. Fed. R. Civ. P. 5.2(a); *see also Desiste v. Sobande*, 20-cv-06947, 2021 WL 735471, at *4 (S.D.N.Y. Feb. 25, 2021) ("Redactions expressly authorized by Rule 5.2 may be made without further application to the Court.").