# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement"), dated as of August 17, 2021 (the "Effective Date"), is entered into by and between MN Theaters 2006 LLC ("MN Theaters") and Grupo Cinemex, S.A. de C.V. ("Grupo Cinemex"), the plaintiff and the defendant, respectively, in the action pending in the United States District Court for the Southern District of New York (the "District Court") captioned *MN Theaters 2006 LLC v. Grupo Cinemex, S.A. de C.V.*, Case No. 1:20-cv-5860-PKC (the "Action"). MN Theaters and Grupo Cinemex are referred to each as a "Party" and collectively as the "Parties".

## RECITALS

As a preamble to this Settlement Agreement, the Parties state as follows:

A.  **WHEREAS**, it is the intent of the Parties to resolve fully and finally the Action and MN Theaters' claims asserted in the Action.

B.  **WHEREAS**, the Action was dismissed pursuant to the District Court's Order of Dismissal, dated July 29, 2021, and filed under ECF number 137 (the "Order of Dismissal"), which provides that (i) the order was without prejudice to the Parties' right to reopen the Action within thirty days of the Order of Dismissal if a settlement is not consummated, (ii) the Parties must submit the settlement agreement to the District Court within the same thirty-day period if the Parties wish for the District Court to retain jurisdiction for the purposes of enforcing any settlement agreement, and (iii) unless the District Court orders otherwise, the District Court will not retain jurisdiction to enforce a settlement agreement unless it is made part of the public record.

C.  **WHEREAS**, the Action concerns two guaranties that Grupo Cinemex provided to MN Theaters guaranteeing the tenant's obligations under two leases of real property (the "Guaranties").

D.  **WHEREAS**, the Guaranties pertain to leases that were entered into by and between MN Theaters as landlord and Cinemex Stratford LLC as tenant for the use of two premises as movie theaters, with one lease concerning the real property having an address commonly known as 14401 Burnhaven Drive, Burnsville, MN 55306 (identified in the lease as located at 801 County Road 42 W, Lot 2 Block 1, Burnsville Center 2nd Addition, Burnsville, Dakota County, MN 55337), as amended (the "Odyssey Lease"), and the other lease concerning the real property having an address commonly known as 3450 East Circle Drive N.E., Rochester, MN 55906, as amended (the "Chateau Lease" and, with the Odyssey Lease, the "Leases").

E.  **WHEREAS**, the Leases were later assigned to CB Theater Experience LLC ("CB Theater") as tenant.

F.  **WHEREAS**, CB Theater and two related entities, Cinemex USA Real Estate Holdings, Inc. and Cinemex Holdings USA, Inc. (together, the "Debtors"), filed bankruptcy petitions under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Bankruptcy Court") in the jointly

EXECUTION COPY

administered action captioned *In re Cinemex USA Real Estate Holdings, et al.*, Case No. 20-14695 (LMI) (the "<u>Bankruptcy Case</u>").

G. **WHEREAS**, pursuant to an order of the Bankruptcy Court, the Debtors paid certain amounts into an escrow account to serve as collateral for Grupo Cinemex's obligations to pay amounts owed to MN Theaters in the Action, with such escrow account being with First American Title Insurance Company ("<u>Escrowee</u>") bearing escrow number NCS-1044029 (the "<u>Escrow Account</u>").

H. **WHEREAS**, the use of and distribution of the funds in the Escrow Account is governed by the Strict Joint Order Escrow between the Parties and the Escrowee dated December 21, 2020 (the "<u>Strict Joint Order Escrow Agreement</u>").

I. **WHEREAS**, pursuant to the terms of the Escrow Account, funds in the Escrow Account shall be released only upon the joint written agreement of MN Theaters and Grupo Cinemex or upon a final, non-appealable order of the District Court.

J. **NOW, THEREFORE,** in consideration of the mutual promises, covenants, obligations, agreements, conditions, and undertakings set forth herein, as well as other considerations, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

**<u>TERMS AND CONDITIONS</u>**







2. **Reaffirmation of the Guaranties.** Grupo Cinemex hereby unconditionally ratifies, confirms, renews, and reaffirms its obligations under the Guaranties, which shall remain in full force and effect, without modification or impairment by reason of such Settlement Agreement.

3. **Releases.** Upon the receipt by MN Theaters of the Settlement Amount, the following releases shall automatically and irrevocably be deemed to be valid, in full force and effect, and binding on the Parties:

    a. **MN Theaters' Releases.** MN Theaters, on behalf of itself and its members, subsidiaries, affiliates, managers, officers, employees, and agents, hereby fully and finally settles, releases, resolves, relinquishes, and discharges Grupo Cinemex and its shareholders, subsidiaries, affiliates, directors, officers, employees, and agents from and against all claims, causes of action, or liabilities, whether arising under federal, state, common, or foreign law, that (i) MN Theaters has asserted against Grupo Cinemex in the Action, (ii) arise directly out of or are based directly on the breaches of the Leases or the Guaranties that MN Theaters alleged in the Action, (iii) arise out of or are based on the Bankruptcy Case, and (iv) arise out of or relate to the Escrow Account or the payment of the Settlement Amount. Anything in this Settlement Agreement to the contrary notwithstanding, nothing in this Settlement Agreement is intended to or shall be deemed to release or discharge Grupo Cinemex from any or all of its obligations under the Guaranties, except as specifically described in (i) through (iv) hereof.

    b. **Grupo Cinemex's Releases.** Grupo Cinemex, on behalf of itself and its shareholders, subsidiaries, affiliates, managers, officers, employees, and agents, hereby fully and finally settles, releases, resolves, relinquishes, and discharges MN Theaters and its members, subsidiaries, affiliates, managers, officers, employees, and agents from and against all claims, causes of action, or liabilities, whether arising under federal, state, common, or foreign law, that (i) arise out of or relate to the initiation, prosecution, or resolution of the Action or the Bankruptcy Case, or (ii) arise out of or relate the Escrow Account or the payment of the Settlement Amount.

    c. **Ownership of Claims.** Each Party represents and warrants that such Party has not assigned or transferred, or purported to assign or transfer, to any third party or third parties, any claim or claims or any portion thereof or any interest therein that is related to the subject matter of this Settlement Agreement.

    d.    **Survival.** Anything else in this Settlement Agreement notwithstanding, the Parties do not release the other Party from any claims related to the enforcement of this Settlement Agreement.

    4.    **No Admission.** Nothing in this Settlement Agreement shall constitute or be deemed to be an admission of or by any of the Parties with respect to any factual or legal assertion that has been advanced by any of the Parties in the Action or the Bankruptcy Case.

    5.    **Prevailing Party Attorneys' Fees.** If any Party institutes any action or proceeding to enforce any provision of this Settlement Agreement or for damages by reason of any alleged breach of any provision of this Settlement Agreement, the prevailing Party shall be entitled to recover from the other Party all reasonable costs and expenses (including reasonable attorneys' fees) incurred by such prevailing Party in connection with such action or proceeding, including those incurred in connection with enforcing the prevailing Party's rights under this Paragraph [6].

    6.    **Authority.** Each Party hereby represents and warrants that this Settlement Agreement has been duly executed and delivered by or on behalf of such Party and constitutes the legal, valid, and binding obligations of such Party enforceable against such Party in accordance with its terms. Each person signing this Settlement Agreement hereby represents and warrants that she or he is authorized to sign this Settlement Agreement on behalf of the applicable Party or Parties listed below.

    7.    **Knowledge, Non-Reliance, and Assumption of Risk.** Each Party acknowledges, represents and warrants that it has read the Settlement Agreement and has consulted with its attorneys concerning the terms, conditions, and consequences of the Settlement Agreement, and, based on that review, fully comprehends the legal and practical import of the Settlement Agreement. Each Party further acknowledges and represents that such Party is entering into the Settlement Agreement voluntarily and in reliance upon its respective judgment, belief, and knowledge of the Settlement Agreement and all facts, statements, Recitals and information associated with the Settlement Agreement, and on the advice of its own selected attorneys.

    8.    **Drafter.** None of the Parties to this Settlement Agreement shall be considered to be the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

    9.    **No Waiver.** No waiver of any of the provisions of this Settlement Agreement shall be deemed to be, or shall constitute, a waiver of any of the other provisions hereof whether or not similar, nor shall such waiver constitute a continuing waiver. Any waiver of any provision of the Settlement Agreement must be in writing and signed by the Party against whom the waiver is asserted.

    10.    **Binding Effect.** This Settlement Agreement, including the releases herein, shall be binding upon and inure to the benefit of the Parties and their respective legal representatives, successors, and assigns. Notwithstanding the foregoing, the terms of this Settlement Agreement


may be enforced solely by the Parties or any legal representative, successor, or assignee of any Party to this Settlement Agreement.

11. **Severability.** If any provision of this Settlement Agreement, other than Paragraphs 1 through 3 is determined by a final, non-appealable judgment of a court of competent jurisdiction to be illegal, invalid, or unenforceable, such determination shall not affect the balance of this Settlement Agreement, which shall remain in full force and effect as such illegal, invalid, or unenforceable provision shall be deemed severable.

12. **Headings.** The headings set forth in this Settlement Agreement have been inserted for convenience of reference only. Such headings shall not be considered a part of this Settlement Agreement, and neither shall they limit, modify, or affect in any way the meaning or interpretation of this Settlement Agreement.

13. **Choice of Law.** This Settlement Agreement shall be governed by and construed, enforced, and performed in accordance with the law of the State of New York, without regard to any otherwise applicable rules relating to conflicts of laws.

14. **Consent to Jurisdiction and Service of Process.** It is the Parties' intent that the District Court shall retain exclusive jurisdiction for the purposes of enforcing this Settlement Agreement, and the Parties agree that any proceeding or action filed by a Party to enforce this Settlement Agreement shall be filed in the District Court if it has or can obtain jurisdiction. If the District Court does not determine to retain such jurisdiction, then the Parties agree that any proceeding or action to enforce this Settlement Agreement will be governed by the service and jurisdiction provisions contained in Paragraph 13 of the Guaranties.

15. **Confidentiality.** The terms of this Settlement Agreement shall remain confidential, except as required by law, rule, regulation, court order, or other exceptions agreed to by the Parties, including the agreement of the Parties set forth in Paragraph 1 herein. Notwithstanding the foregoing, the Parties may file, under seal to maintain its confidentiality, this Settlement Agreement with the District Court in the Action pursuant to the Order of Dismissal, and may disclose the terms of this Settlement Agreement to their respective accountants, auditors, attorneys, advisors (including financial advisors), insurance providers, lenders, rating agencies, and regulators. In the event that the Parties or their affiliates deem it appropriate or necessary to disclose the terms of this Settlement Agreement to the public markets or any party not identified in the foregoing sentence, unless otherwise required by law, rule, regulation, or court order, they will limit the amount of content disclosed to the minimum they deem necessary to fulfill any such disclosure obligation.

16. **Entire Agreement; Written Modifications Only.** This Settlement Agreement constitutes the entire agreement and understanding of the Parties relating to the subject matter described herein, and shall supersede any prior and contemporaneous undertakings of the Parties in connection therewith. No Party has made any representation or warranty to another Party concerning the subject matter of the Settlement Agreement, except as expressly set forth herein. This Settlement Agreement may not be altered, amended, or modified in any respect whatsoever,



except by a writing duly executed by the Parties. This provision cannot be waived by subsequent parol agreement or any actions or conduct of the Parties.

17. **Counterparts.** This Settlement Agreement may be executed in counterparts and, as so executed, shall constitute one and the same agreement, and shall be binding on the Parties. A copy, PDF, or facsimile of a signature on this Settlement Agreement shall have the same force and effect as an original signature.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have executed this Settlement Agreement as of the day and year first set forth above:

MN THEATERS 2006 LLC			GRUPO CINEMEX, S.A. DE C.V.

By: Elisha J. Blechner			By: Humberto Guillén Compean
Title: Executive Vice President		Title: CFO



except by a writing duly executed by the Parties. This provision cannot be waived by subsequent parol agreement or any actions or conduct of the Parties.

17. **Counterparts.** This Settlement Agreement may be executed in counterparts and, as so executed, shall constitute one and the same agreement, and shall be binding on the Parties. A copy, PDF, or facsimile of a signature on this Settlement Agreement shall have the same force and effect as an original signature.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have executed this Settlement Agreement as of the day and year first set forth above:

| MN THEATERS 2006 LLC | GRUPO CINEMEX, S.A. DE C.V. |
|---|---|
| By: Elisha J. Blechner<br>Title: Executive Vice President | By: Humberto Guillén Compean<br>Title: CFO |